# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

JAY KRAVITZ,

Petitioner,

- v -

Civ. No. 9:12-CV-719<br>(DNH/RFT)

CALVIN RABSATT,

Respondent.

**APPEARANCES:**                                **OF COUNSEL:**

**JAY KRAVITZ**
Petitioner, *Pro Se*
08-A-6613
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821

**HON. ERIC T. SCHNEIDERMAN**              **PRISCILLA I. STEWARD, ESQ.**
Attorney General of the State of New York     Assistant Attorney General
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### <u>REPORT-RECOMMENDATION and ORDER</u>

*Pro se* Petitioner Jay Kravitz brings this Petition for a *Writ of Habeas Corpus*, pursuant to 28 U.S.C. § 2254, on the grounds that (1) his prior felony conviction should not have been used as a predicate for the purpose of elevating his criminal possession of a weapon charge from a fourth degree misdemeanor charge to a a third degree felony charge because he had been granted a certificate of relief of disability ("CRD") from his prior conviction which permitted him to possess a firearm; (2) his trial counsel was ineffective for failing to raise this issue at trial; (3) it was against

public policy for the prosecution to offer proof of his prior conviction in light of the fact that he had been granted a CRD;[1] and (4) the sentencing court failed to pronounce a sentence for each of the crimes for which he was convicted. *See generally* Dkt. No. 1, Pet. Respondent argues that the Petition should be denied because it was untimely and Petitioner's claims are either procedurally barred, incognizable on federal *habeas* review, and/or meritless. *See generally* Dkt. No. 8-1, Resp't's Mem. of Law. For the reasons that follow, we recommend that the Petition be **DENIED** and that no certificate of appealability be issued.

## I. BACKGROUND

On October 2, 2008, Petitioner was convicted at trial of criminal possession of a weapon in the third degree and menacing in the second degree. Dkt. Nos. 9-13 through 9-14, Trial Tr., dated Sept. 30 – Oct. 2, 2008, at pp. 601–04. According to the New York State Appellate Division Third Department:

> Defendant was at the home of his girlfriend when a neighbor (hereinafter the victim) came to the door and complained that the girlfriend's dog had been chasing the victim's horses. Threats were allegedly exchanged and defendant slammed the door. After the victim walked toward the road where she had parked her vehicle and she was no longer visible, defendant and his girlfriend allegedly heard a gunshot. Defendant grabbed his girlfriend's .35 caliber rifle, opened the door and fired it, allegedly at the ground. The victim testified that, after hearing that shot and the sound of something whistling past her head, she looked back toward the house to see defendant on the porch with a gun in his hands. The victim got into her vehicle, sped home and immediately called the police.

*People v. Kravitz,* 75 A.D.3d 915 (N.Y. App. Div. 3rd Dep't 2010).[2]

---

[1] There is little if any appreciable difference between Petitioner's claim that it was against public policy for the prosecution to offer evidence of his prior conviction for purposes of elevating his offense to a felony and his claim that it was unconstitutional to convict him of third degree criminal possession of a weapon in light of his CRD. Nonetheless, as a precaution, we analyze both claims separately. *See infra* Parts II.B & C.

[2] Respondent submitted a copy of this decision with Petitioner's State Court Record. Dkt. Nos. 9-1 through 9-13, St. Ct. R. ("hereinafter "R."), at Ex. E.

On December 8, 2008, Petitioner was sentenced to one year of incarceration for menacing in the second degree, and two and one-third to seven years of incarceration for criminal possession of a weapon in the third degree, as well as a term of post-release supervision not to exceed five years. Dkt. No. 9-14, Sentencing Hr'g Tr. (hereinafter "S. Tr."), dated Dec. 8, 2008, at pp. 9–10.[3]

On January 8, 2010, Petitioner appealed his conviction, in pertinent part, on the ground that the People should have been barred from offering proof of his 1993 felony conviction[4] as a predicate offense for the purpose of enhancing his criminal possession of a weapon charge from the fourth degree, a misdemeanor, to the third degree, a felony, because he had been granted a CRD from his 1993 conviction which allowed him to legally possess a rifle or shotgun.[5] R., Ex. B, Pet'r's App. Br., at p. vii. On July 22, 2010, the Third Department denied Petitioner's appeal, noting, *inter alia*, that Petitioner had failed to preserve the issue for review by not raising an objection on those grounds at trial. *People v. Kravitz,* 75 A.D.3d 915.

On August 15, 2010, Petitioner sought leave to appeal the Third Department's decision to the New York Court of Appeals, and re-raised his claim that it was improper for the prosecution to offer proof of his 1993 felony as a predicate to his 2008 criminal possession of a weapon conviction given his CRD. R., Ex F, Lt., dated Aug. 15, 2010. On October 26, 2010, the Court of Appeals

---

[3] More precisely, the sentencing court judge stated "[i]t is the Order of this Court and your sentence that you be sentenced to one year in jail on the menacing charge, which is a class A misdemeanor, and to be sentenced to prison for the maximum period of two and a third to seven years." S. Tr. at p. 9. Petitioner points to the sentencing court judge's failure to specify with particularity what exactly he was being sentenced to two and one-third to seven years for as the basis of his claim that the sentencing court quite literally failed to "pronounce" sentence on each of his convictions. *See* Pet. at p. 9; *see also infra* Part II.C.

[4] According to a special information offered by the prosecution, Petitioner was convicted of offering a false instrument for filing in the first degree, a class E felony, in Greene County on June 30, 1993. R., Ex. A at p. 23, Special Information, dated June 4, 2008.

[5] On July 1, 1993, Petitioner was issued a CRD; as a matter of law, that CRD "relieved him of the disability as a convicted felon to possess a rifle or shotgun." R., Ex. A at p. 114, Dec., dated Sept. 30, 2008.

denied leave.  R., Ex. G, Certificate Den. Leave.  On January 17, 2012, Petitioner filed a motion

pursuant to New York Criminal Procedure Law ("CPL") § 440.10 seeking to set aside his sentence

on the grounds that (1) his trial counsel was ineffective for not raising his objection to the use of his

1993 felony conviction as a predicate offense to his 2008 criminal possession of a weapon

conviction, and (2) that the filing of a special information notifying the court of his prior conviction

was against public policy.  Petitioner also moved, pursuant to CPL § 440.20, to set aside his sentence

on the ground that the sentencing court failed to "state the crime of conviction the defendant was

being sentenced to in violation of [CPL] § 380.20."  *See generally* R., Ex. H, Pet'r's §§ 440.10 &

440.20 Mots.; *see also supra* n.3.  On February 14, 2012, the county court denied Petitioner's §

440.10 motion because his claims were not adequately preserved, and/or subject to dismissal

pursuant to CPL § 440.10(3).[6]  R., Ex. J, Dec. & Order, dated Feb. 14, 2012.  Additionally,

Petitioner's § 440.20 motion was denied by the county court because the court "reviewed the

defendant's submissions and the commitment sheet and [found] that the defendant was indeed

sentenced on both charges."  *Id.*  On February 25, 2012, Petitioner sought permission for leave to

appeal to the Third Department on the same grounds he raised in his § 440.10 and § 440.20 motions.

*See generally* R., Ex. K.  On April 16, 2012, the Third Department denied leave to appeal.  R., Ex.

L, Order Den. Leave, dated Apr. 16, 2012.

Petitioner filed the instant Petition on April 28, 2012.  Pet.

---

[6] In pertinent part, CPL § 440.10(3) states that:
> Notwithstanding the provisions of subdivision one, the court may deny a motion to
> vacate a judgment when . . . [a]lthough facts in support of the ground or issue raised
> upon the motion could with due diligence by the defendant have readily been made
> to appear on the record in a manner providing adequate basis for review of such
> ground or issue upon an appeal from the judgment, the defendant unjustifiably
> failed to adduce such matter prior to sentence and the ground or issue in question
> was not subsequently determined upon appeal.

## II.  DISCUSSION

### A.  Timeliness

In accordance with the provisions the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal *habeas* petitions challenging a state court judgment are subject to a one-year statute of limitations.  Specifically, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety (90) days during which the party could have sought *certiorari* in the United States Supreme Court.  *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of the Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed.").  The one-year limitations period is tolled during the pendency of a properly filed application for post-conviction or other collateral review.  28 U.S.C. § 2244(d)(2). The period may also be tolled where despite "pursuing his rights diligently," some "extraordinary circumstances" prevented Petitioner

from timely filing his petition.  *See Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 644-48 (2010)).

Here, the judgment of conviction became final for AEDPA purposes on January 24, 2011 – ninety days after the Court of Appeals denied Petitioner's application for leave to appeal.  *See* R. at Ex. G.  Thus, absent equitable or statutory tolling Petitioner had one year, or until January 24, 2012, to timely file his federal *habeas* Petition.

On January 17, 2012, 358 days after the statutory period began to accrue, Petitioner filed two post-conviction motions for collateral review.  R. at Ex. H.  Those motions remained pending in state court for eighty-nine days, or until April 16, 2012, when the Third Department denied Petitioner's final request for leave to appeal.  R. at Ex. L.  Petitioner was entitled to statutory tolling, pursuant to § 2244(d)(2), during the pendency of these post-conviction collateral motions.  Thus, accounting for the eighty-nine day period during which Petitioner was entitled to statutory tolling, and the 358 days which had already accrued before Petitioner filed his post-conviction motions, Petitioner had until April 23, 2012 to timely file his federal *habeas* petition.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (holding that the tolling provision does not operate so as to restart the one-year limitations period after the state post-conviction or collateral review proceeding comes to a close).  However, Petitioner did not file for *habeas* review until April 28, 2012, five days after the statutory period had expired.

Nonetheless, in his Traverse:

Petitioner respectfully disagrees with [Respondent's] point [about] timeliness.  Date of court['‎]s ruling did not include mailing time, and no mail on weekends in the New York State prison system.  Date received and signed for is after five days.  In addition, access to prison law libraries are limited.  One must book time at Riverview Correctional Facility law library three (3) days in advance during weekdays and five

> (5) days in advance during the weekends. There were periods where all the time slots were filled. Respectfully, all above factors considered, Petitioner's Habeas Corpus was filed in a timely manner, there [is] a grace period.

Dkt. No. 12, Traverse, at p. 3.

Whether Petitioner intended to invoke statutory or equitable tolling by his statement that there is a grace period is unclear. However, it is clear that the delays petitioner encountered in booking time in Riverview's law library, and the ordinary delays Petitioner encountered as a result of the fact that mail is not delivered on weekends at the correctional facility do not entitle him to equitable or statutory tolling. *See* 28 U.S.C. § 2244(d)(2); *see also Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) (citing cases for the proposition that "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."); *Brown v. Bullis*, 2013 WL 1294488, at *4 (N.D.N.Y. Mar. 26, 2013) (citing *Lindo v. Lefever*, and other cases for the proposition that "[r]outine experiences of prison life do not qualify as extraordinary circumstances").

Likewise, Petitioner is not entitled to statutory or equitable tolling for the five-day period between the time the Third Department filed its denial of his request to appeal his post-conviction motions and the time he received notice of that decision *via* the mail. To begin with, the Second Circuit has clearly ruled that a *pro se habeas* petitioner is not entitled to statutory tolling pursuant to § 2244(d)(2) for a delay between the time a decision is filed and the time it is received *via* the mail. *See Saunders v. Senkowski*, 587 F.3d 543, 549 (2d Cir. 2009) (*citing Geraci v. Senkowski,* 211 F.3d 6, 9 (2d Cir. 2000) and *Diaz v. Kelly*, 515 F.3d 149, 155 n.2 (2d Cir. 2008), for the proposition "that statutory tolling for the purposes of AEDPA ends with the 'filing' of the state court's final order," and that the Second Circuit "expressly rejected" the notion that a post-conviction collateral

motion remains "pending" until notice of the decision is received by the petitioner).

Moreover, although delays in mail lasting several months can constitute the type of "extraordinary circumstances" that would trigger equitable tolling, an ordinary delay of five days between the issuance of a decision and it's receipt *via* mail is not so far outside the realm of the routine experiences of prison life as to be considered extraordinary. *See Simmons v. Brown*, 2011 WL 2133844, at *10 (E.D.N.Y. May 26, 2011) (citing *Diaz v. Kelly,* 515 F.3d at 155, and *Saunders v. Senkowski*, 587 F.3d at 550, for the proposition that while "a delay in mailing may, in certain cases, qualify as an extraordinary circumstance warranting equitable tolling. . . . [A]s the Second Circuit has noted, the cases in which such extraordinary circumstances were found each involved prolonged mailing delays typically of several months in duration"); *Saunders v. Senkowski*, 2007 WL 1017310, at *5 (N.D.N.Y.) *aff'd per curiam,* 587 F.3d 543 (2d Cir. 2009) ( "Every person knows, or should know, that it can take at least several days to receive mail even from within the same postal jurisdiction, and he can, and may reasonably be required to, adjust his conduct accordingly. Ordinary delivery time is not a 'rarity,' nor is the charge of knowledge of such to the habeas petitioner 'unconscionable'") (quoting *Spencer v. Sutton,* 239 F.3d 626 (4th Cir. 2001)); *Hicks v. LeClair*, 2008 WL 5432217, at *4 (N.D.N.Y. Dec. 30, 2008) (noting that equitable tolling was not available where "Petitioner waited 359 days before filing his motion for a writ of error coram nobis, leaving only six days for the denial notice to transit the mail and prison systems and for him to turn around and file his federal habeas application.  It was not the state court's responsibility to send immediate notice to ameliorate the pickle in which Petitioner had placed himself through his own lack of diligence. It needed only send reasonably prompt notice. . . . Thus, it was not the state court's tardiness that cost Petitioner in this case, but his own failure to diligently pursue his rights for nearly a year before

finally filing an application for state post conviction relief.").[7]

Accordingly, we recommend that the Petition be **DENIED** as untimely. Moreover, to the extent that Petitioner is entitled to any equitable tolling, as explained below, his claims are otherwise procedurally barred or without merit.

### B. CRD Claim

Federal *habeas* review of a state-court conviction is prohibited if a state court rested its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted) (noting that federal court resolution of the federal issue would merely be advisory where the state judgment is supported by independent and adequate state grounds); *see also Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). "This rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. at 729 (citation omitted). The independent and adequate state ground doctrine is jurisdictional, thus, if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the federal court is precluded from considering the merits of the federal claim in a *habeas* petition. *Harris v. Reed*, 489 U.S. at 264 n.10.

In the instant case, the Appellate Division found that Petitioner's claim that his CRD permitting him to possess a firearm prohibited him from being charged with third degree weapon possession was unpreserved for appellate review because his counsel failed to raise the objection at trial. *People v. Kravitz*, 75 A.D.3d at 916–17 (citing CPL § 470.05(2)). Pursuant to CPL §

---

[7] In the instant case, Petitioner waited 358 days, or until only seven days remained in the statutory period, to file for post-conviction collateral relief.

470.05(2), also known as New York's contemporaneous objection rule, a party is required "to object to what he or she believes is a legal error in a trial court's ruling or instruction 'at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.'" *Gutierrez v. Smith*, 702 F.3d 103, 110 (2d Cir. 2012) (quoting CPL § 470.05(2)). The Second Circuit has held that New York's contemporaneous objection rule is an independent and adequate state law ground which precludes federal *habeas* review. *Gutierrez v. Smith*, 702 F.3d at 111.

Accordingly, this Court may only review the substance of Petitioner's procedurally defaulted claim if Petitioner can demonstrate cause for his default and resulting prejudice, or present evidence to show that he is "actually innocent" of the crime of which he was found guilty.[8] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Ramirez v. Att'y Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000) (citing *Coleman*).

To establish legal cause for a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with New York's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999). Examples of external factors include interference by officials, ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial nor on direct appeal. *Murray v. Carrier*, 477 U.S. at 488. Attorney ignorance or inadvertence does not constitute legal cause for a procedural default. Since the attorney is considered the petitioner's agent when acting, or failing to act, in furtherance of the litigation, the petitioner must "bear the risk of attorney error." *Coleman*

---

[8] This final exception, however, is intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir. 1994).

*v. Thompson*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. at 488).

In the instant case, Petitioner claims that his counsel's failure to raise the CRD issue at trial constituted ineffective assistance of counsel. Pet. at p. 7. However, as explained below, this is insufficient to establish "cause" for the procedural default because there is no evidence that Petitioner's counsel was actually constitutionally ineffective.[9] *See Murray v. Carrier*, 477 U.S. at 488 (finding that "the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made[]" but rather whether counsel's performance was constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984)). Moreover, Petitioner offers no other explanation for his failure to preserve the claims in question. When a petitioner has failed to establish adequate cause for his procedural default, the court need not determine whether he suffered prejudice, since federal *habeas* relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Long v. Lord*, 2006 WL 1977435, at *6 (N.D.N.Y. Mar. 21, 2006).

Likewise, Petitioner has failed to demonstrate that failure to review this claim would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 748–50. A fundamental miscarriage of justice "occurs only in those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Rodriguez v. Mitchell*, 252 F.3d 191, 204 (2d Cir. 2001) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (internal quotation marks omitted)). In order to succeed, a petitioner must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

---

[9] *See infra* Part II.D.

or critical physical evidence - that was not presented at trial. . . . [then] the habeas court must determine whether the new evidence is trustworthy by considering it both on its own merits and, where appropriate, in light of the pre-existing evidence in the record." *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (quoting *Schulp v. Delo*, 513 U.S. 298, 324 & 327–28 (1995) (internal quotation marks omitted)). "In evaluating the record as a whole, the habeas court may make its own credibility determinations as to both the new evidence and the evidence already in the record that may be thrown into doubt by the new material." *Id.* at 163 (citing *Schulp v. Delo,* 513 U.S. at 330). Finally, taking into account all of the evidence, the court must determine "not merely whether a reasonable doubt exists in light of the new evidence, but rather whether it is more likely than not that no reasonable juror would have found the defendant guilty." *Id.* (quoting *Schulp v. Delo,* 513 U.S. at 333).

Here, Petitioner has claimed that he is actually innocent of the crimes for which he was convicted. *See generally* Traverse. However, Petitioner's claim is based on his assertions that the evidence already presented at trial established his innocence; he has wholly failed to present any new evidence that was not already presented at trial. Accordingly, he has failed to meet his burden. *See Doe v. Menefee*, 391 F.3d at 161. Therefore, we are precluded from reviewing the merits of this claim and we recommend that the Petition be **DENIED** as to this ground.

### C. Public Policy & Sentencing Claims

Petitioner claims that (1) the sentencing court "FAILED TO PRONOUNCE SENTENCING ON EACH COUNT THE [Petitioner] WAS CONVICTED OF," Pet. at p. 9, and (2) it was against public policy for the prosecution to offer proof of Petitioner's prior criminal conviction for purposes of elevating his criminal weapon possession charge to a felony because he had been granted a CRD

from that conviction, *id.* at p. 10. These claims are purely issues of state law and, as such, are incognizable on federal *habeas* review. *See Beverly v. Walker*, 899 F. Supp. 900, 908 (N.D.N.Y. Aug. 29, 1995) (citing *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) for the proposition that "[a] federal court may entertain a state prisoner's habeas corpus petition only to the extent that the petition alleges custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Accordingly, federal habeas corpus relief does not lie for errors of state law that do not rise to the level of federal constitutional violations."); *cf. Saracina v. Artus*, 452 F. App'x 44, 46 (2d Cir. 2011) ("Whether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law, not a question of fact").

Accordingly, we recommend that the Petition be **DENIED** as to these grounds.

### D.  Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a *habeas* petitioner must show 1) that counsel's representation fell below an objective standard of reasonableness measured by the prevailing professional norms; and 2) prejudice, *i.e.*, that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002) (citing *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984)); *see also Aeid v. Bennett*, 296 F.3d 58, 62-63 (2d Cir. 2002); *Brown v. Artuz*, 124 F.3d 73, 79-80 (2d Cir. 1997); *Rattray v. Brown*, 261 F. Supp. 2d 149, 157 (E.D.N.Y. 2003).[10] In determining the reasonableness of counsel's conduct, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland v.*

---

[10] In *Williams v. Taylor*, the Supreme Court declared that "the rule set forth in *Strickland* qualifies as 'clearly established Federal law[.]'" 529 U.S. 362, 391 (2000); *see also Sellan v. Kuhlman*, 261 F.3d 303, 309 (2d Cir. 2001).

*Washington*, 466 U.S. at 689.

Here, Petitioner argues that his counsel was ineffective because "TRIAL COUNSEL DURING THE COURSE OF TRIAL DID NOT RAISE THE ISSUE ON RECORD THAT THE PLAINTIFF RECEIVED A CERTIFICATE OF RELIEF FROM DISABILITIES ALLOWING HIM TO POSSESS A RIF[]LE AS A CONVICTED FELON." Pet. at p. 7. Petitioner raised the ineffectiveness of his trial counsel in his post-conviction *coram nobis* motion, however that motion was denied on procedural grounds. *See* R., Ex. J., Dec. & Order at p. 2.[11]

Pursuant to New York's Penal Code, a person is guilty of criminal possession of a weapon in the fourth degree, a misdemeanor, when "[h]e possesses . . . any . . . dangerous or deadly instrument or weapon with intent to use the same unlawfully against another[.]" N.Y. PENAL L. (hereinafter "PL") § 265.01(2). Criminal possession of a weapon in the third degree is elevated to criminal possession of a weapon in the third degree, a felony, when a person guilty of fourth degree criminal possession of a weapon "has been previously convicted of any crime[.]" PL § 265.02(1).

Thus, the only way that Petitioner's CRD could absolve him of felony liability in the instant case is if his CRD expunged or otherwise eradicated his prior conviction. However, it is clear that a CRD does not have such a sweeping effect. *Morrisette v. Dilworth*, 59 N.Y.2d 449, 451 (N.Y. Ct. App. 1983) (citing *Able Cycle Engines v. Allstate Ins. Co.,* 84 A.D.2d 140, 145 (N.Y. St. App. Div. 2d Dep't 1981) for the proposition that "[g]ranting of certificate of relief from civil disabilities does not eradicate or expunge the underlying conviction.").

_____

[11] Respondent concedes that the particular procedural ground upon which Petitioner's ineffective assistance of counsel claim was denied by the Appellate Division does not constitute and independent and adequate state ground sufficient to preclude federal *habeas* review. *See* Dkt. No. 8-1, Resp't's Mem. of Law, at p. 19 n.6; *see also* CPL § 440.10(3) ("This paragraph does not apply to a motion based upon deprivation of the right to counsel at the trial or upon failure of the trial court to advise the defendant of such right, or to a motion under paragraph (i) of subdivision one of this section[.]").

Thus, even if we were to accept, *arguendo,* that Petitioner's counsel's failure to raise this issue at trial constituted a deviation from the reasonable standard of representation – which we do not – it is clear that such a failure would not have prejudiced the Petitioner because even with a CRD he was still a convicted criminal subject to the increased penalty proscribed by PL § 265.02(1). Therefore, we recommend that the Petition be **DENIED** as to this ground.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should be issued with respect to any of Petitioner's claims.  *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.");  *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date: July 30, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge